Tricia L. Legittino (SBN 254311)
tlegittino@fkks.com
Matthew Samet (SBN 311865)
msamet@fkks.com
FRANKFURT KURNIT KLEIN + SELZ PC
2029 Century Park East, Suite 1060
Los Angeles, California 90067
Telephone:  (310) 579-9600
Facsimile:   (310) 579-9650

Attorneys for CITIBANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID JAVDAN,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CITIBANK, N.A., CITIGROUP, INC., AND DOES 1-20,<br><br>                    Defendants. | Case No. 2:19-cv-10832-GW-JC<br><br>**DEFENDANT CITIBANK, N.A.'S CORRECTED NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Declarations of Armita Rohani and Tricia L. Legittino filed concurrently herein]**<br><br>Date: March 12, 2020<br>Time: 8:30 A.M.<br>Crtm: 9D |

FKKS:2513634v.1

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 12, 2020 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9D by the Honorable George H. Wu of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012, defendant Citibank, N.A. (hereinafter "Citibank" or "Bank") will and hereby does move this Court for an Order providing that this matter be ordered to arbitration before JAMS with respect to all claims plaintiff David Javdan ("Plaintiff") has asserted against Citibank in the within action pursuant to their agreements to arbitrate and that this Court retain jurisdiction to enter judgment based on the award of the arbitrator and that the within action otherwise be stayed pending the conclusion of the arbitration.

This motion is based upon this notice, the attached memorandum of points and authorities, the declarations of Armita Rohani and Tricia L. Legittino filed concurrently herein and all exhibits attached thereto, the Complaint, and upon all other pleadings, evidence and argument as may be presented at or before the time of the hearing on the motion.

Counsel for Citibank met and conferred with counsel for Plaintiff on January 29, 2020, before filing this motion, in accordance with Local Rule 7-3.

DATED: February 12, 2020          FRANKFURT KURNIT KLEIN + SELZ PC

By: */s/ Tricia L. Legittino*
Tricia L. Legittino
Matthew Samet
Attorneys for CITIBANK, N.A.

FKKS:2513634v.1

2

DEFENDANT CITIBANK, N.A.'S CORRECTED NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................... 1
II.  STATEMENT OF FACTS............................................................................. 1
     A.   Summary of Allegations of the Complaint ............................................ 1
     B.   The Rental Agreement and the Access Card. ........................................ 3
III. ARGUMENT .................................................................................................. 6
     A.   The Court Should Compel Arbitration of Plaintiff's Claims
          Pursuant to the Federal Arbitration Act. ................................................ 6
     B.   The Court Should Stay This Action Pending the Arbitration. ................ 8
IV.  CONCLUSION .............................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armendariz v. Found. of Health Psychcare Servs.*,
  24 Cal. 4th 83 (2000) ................................................................................. 6

*Cronus Invs., Inc. v. Concierge Servs.*,
  35 Cal. 4th 376 (2005) ............................................................................... 7

*Rodriguez v. Am. Techs., Inc.*,
  136 Cal. App. 4th 1110 (2006) .................................................................. 8

*Sherman v. CLP Res., Inc.*,
  No. CV 12-8080-GW(PLAx), 2015 WL 13542760 (C.D. Cal. June
  22, 2015) ................................................................................................... 7

*Southland Corp. v. Keating*,
  465 U.S. 1 (1984) ...................................................................................... 6

*SST Millennium LLC v. Mission St. Dev.*,
  No. 18-cv-06681-YGR, 2019 WL 2342277 (N.D. Cal. June 3, 2019) ................. 8

*Williams v. Eaze Solutions, Inc.*,
  __ F. Supp. 3d __, 2019 WL 5312956 (N.D. Cal. Oct. 21, 2019) ........................ 8

**Statutes**

9 U.S.C. §§ 1-6 ................................................................................................. 6

9 U.S.C. § 2 ...................................................................................................... 6

9 U.S.C. § 3 ...................................................................................................... 8

9 U.S.C. §§ 3-4, 6 ............................................................................................. 1

9 U.S.C. § 4 ...................................................................................................... 7

Cal. Bus. & Prof. Code § 17200 ....................................................................... 3

Cal. Civ. Proc. Code § 1281.4 .......................................................................... 8

Federal Arbitration Act .......................................................................... 6, 7, 8

**Other Authorities**

Local Rule 7-3 ................................................................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Citibank respectfully moves the Court for an order compelling arbitration of the Complaint against it pursuant to the Safe Deposit Box Rental Agreement (the "Agreement") between it and Plaintiff, and staying this action pending completion of the arbitration.[1]  Counsel for Citibank met and conferred with counsel for Plaintiff on January 29, 2020, before filing this motion, in accordance with Local Rule 7-3.  (Declaration of Tricia L. Legittino filed concurrently herein ¶ 2).

Plaintiff is a successful cosmetic and restorative dentist who owns and operates his own dental practice in Beverly Hills, California.  Every one of Plaintiff's claims against Citibank in the Complaint derives from his rental of a safe deposit box at Citibank's branch located at 9401 Wilshire Blvd., Beverly Hills, California.  On the day he rented his safe deposit box, Plaintiff was provided with the Agreement.  Also, on the day he rented the safe deposit box, Plaintiff signed a Safe Deposit Box Signature Card ("Access Card") in which he specifically agreed to be bound by all terms of the Agreement.  Accordingly, Citibank respectfully brings this motion to compel Plaintiff to arbitrate his claims against it and to stay this lawsuit pending completion of the arbitration.

## II. STATEMENT OF FACTS

### A. Summary of Allegations of the Complaint

Plaintiff alleges, in part, that beginning in 2017 and at all relevant times he rented a safe deposit box number Z000133 ("Box 133") at Citibank's branch located at 9401 Wilshire Blvd., Beverly Hills, California 90212 (the "Branch").[2]  (Compl.

---

[1] Pursuant to 9 U.S.C. §§ 3-4, 6, Citibank is filing this Motion to Compel Arbitration and Stay the Action.

[2] Plaintiff claims that he rented Box 133 in 2017 (Compl. ¶ 11), even though his Access Card contains his signature from 2016 (Declaration of Armita Rohani filed

¶ 11.) In order to rent Box 133, Plaintiff was required to sign the Agreement, which laid out the terms and conditions of his rental of Box 133. (*Id.*) Plaintiff claims that he used Box 133 to store "family jewelry, family heirlooms, sentimental items related to baby's birth, videotape/professional recordings of significant events, and other personal and extremely valuable items." (*Id.* ¶ 12.)

According to the Complaint, "in or about January 2018" Plaintiff was unable to access Box 133 using the same keys that he had always used to open it. (*Id.* ¶ 13.) Over the course of the next 15 months, Plaintiff claims that each of his several attempts to access Box 133 with the keys provided to him by Citibank were unsuccessful. (*Id.* ¶¶ 14-18.) During this time period Plaintiff claims that despite his request to various Citibank employees for a "solution," they did not perform a "re-keying, lock cutting, or other access-enabling solution" but, instead, kept giving him assurances that "all contents were intact and safe" in Box 133. (*Id.*)

The Complaint further alleges that on April 18, 2019, a locksmith drilled Box 133 in the presence of Plaintiff and two Citibank employees, however when it was opened, Box 133 was empty. (*Id.* ¶¶ 19-20.) According to Plaintiff, on the same day he was notified by Citibank employees that there "is another safe deposit box numbered '133' . . . and the contents of Plaintiff's safe deposit box were probably" moved into that box due to "reorganization of the branch." (*Id.* ¶ 21.) However, when the second box "133" was drilled on May 3, 2019, the contents of that box did not belong to Plaintiff. (*Id.* ¶ 26.) Over the course of the next several months, Plaintiff claims that he was told that a request for an investigation would be submitted, that his items "had to be somewhere…and that [they]would be located," Citibank employees examined keys he had for "*other/old* safe deposit boxes," and

---

concurrently herein ("Rohani Decl.") ¶ 8, Ex. 2). Nevertheless, the 2017 Safe Deposit Box Rental Agreement (*id.* ¶ 10, Ex. 3) contains the same arbitration provisions as the 2016 Safe Deposit Box Rental Agreement (*id.* ¶ 8, Ex. 1) so whenever Plaintiff began renting Box 133 is immaterial for purposes of this Motion.

FKKS:2513634v.1

2

DEFENDANT CITIBANK, N.A.'S CORRECTED NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

that he was denied any status updates as well as copies of the Agreement or his Access Card. (*Id.* ¶¶ 27-29.)

Based on these allegations, Plaintiff alleges claims against Citibank for Breach of Contract (*id.* ¶¶ 31-39); Conversion (*id.* ¶¶ 40-45); Negligence (*id.* ¶¶ 46-49); Negligent Infliction of Emotional Distress (*id.* ¶¶ 50-54); Intentional Infliction of Emotional Distress (*id.* ¶¶ 55-59); Negligence Per Se (*id.* ¶¶ 60-63); Violation of California Business & Professions Code Section 17200 (*id.* ¶¶ 64-69); Breach of Fiduciary Duty (*id.* ¶¶ 70-74); and Negligent Hiring and Retention (*id.* ¶¶ 75-81).

**B.    The Rental Agreement and the Access Card.**

According to the Declaration of Armita Rohani, Manager of the Branch at the time Plaintiff rented his safe deposit box and currently, Plaintiff was provided both an Agreement and an Access Card at the time he rented Box 133. (*See* Rohani Decl. ¶¶ 1, 6, 8-9.)

By signing the Access Card, Plaintiff agreed to be bound by the terms of the Agreement, in the following language in bold, which appears directly above his signature:

> By signing below, you acknowledge that 2 keys to the box have been issued, and that you received a copy of the Safe Deposit Box Rental Agreement. You expressly agree that the rental of the safe deposit box, and the rights and duties of both you and Citibank, will be governed by the terms and conditions of that agreement. You agree that if there is a dispute between us resulting from the rental of this safe deposit box and you are unable to produce a copy of the rental agreement provided to you, Citibank may introduce evidence as to these applicable terms and conditions through the issue of internal bank records and need not produce a signed copy of your specific agreement.

As set forth in the Rohani Decl., it was Citibank's custom and practice in 2016 that every time a customer rented a safe deposit box, he or she was provided with a copy of the then-current Safe Deposit Box Rental Agreement and Plaintiff was no different. (Rohani Decl. ¶¶ 6-8.) The Agreement that was in effect in July

FKKS:2513634v.1

3

DEFENDANT CITIBANK, N.A.'S CORRECTED NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

2016 when the Plaintiff rented Box 133 (*id.* ¶¶ 8-9) is attached as Exhibit 1 to the Rohani Decl. and the arbitration provisions contained in it provide, in part:

> **Resolution by Arbitration-THIS SECTION CONTAINS IMPORTANT INFORMATION FOR CLIENTS APPLYING FOR A SAFE DEPOSIT BOX RENTAL AGREEMENT ON OR AFTER AUGUST 1, 200. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY DISPUTES BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, THE DISPUTE IS SUBMITTED TO A NEUTRAL PARTY, AN ARBITRATOR, INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE N COURT. THE DECISION OF THE ARBITRATOR IS FINAL AND BINDING.** [Emphasis in original.]
>
> \*\*\*
>
> *Agreement to Arbitrate Disputes*. **You agree that by renting a safe deposit box with us on or after August 1, 2001, either you or we may elect to require that any dispute between us or concerning you other Safe Deposit Box Agreements…except those disputes specifically excluded below, be resolved by binding arbitration.** [Emphasis in original.]
>
> \*\*\*
>
> *Disputes Covered by Arbitration.* If you rent a Safe Deposit Box from us on or after August 1, 2001, any claim relating to or arising out of that rental agreement, and any unresolved claim relating to any existing or prior rental agreement…will be subject to arbitration. Disputes include any unresolved claims concerning any services related to such rental agreement or account, including, without limitation, safe deposit box services….Disputes include not only claims made directly by you, but also made by anyone connected with you or claiming through you, such as a co-renter….Disputes include not only claims that relate directly to Citibank, but also its parents, affiliates, successors, assignees, employees, and argents, and claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claims is made. Disputes include claims based on any theory of law, contract, statute, regulations, tort (including fraud or intention tort), or any other legal or equitable ground, and include claims asserted as counterclaims, cross-claims,

third-party claims, interpleaders, or otherwise. Disputes include claims made as part of a class action or other representative action, it being expressly understood and agreed to that the arbitration of such claims must proceed on an individual (non-class, non-representative) basis. Disputes also include claims relating to the enforceability or interpretation of any of these arbitration provisions.

\*\*\*

*Disputes Excluded from Arbitration*. Disputes filed by you or by us individually in a small claims court are not subject to arbitration, so long as any such dispute remains in such court and advances only an individual claim for relief.

\*\*\*

*Commencing an Arbitration.* The arbitration must be filed with one of the following neutral arbitration forums: American Arbitration Association; National Arbitration Forum; or JAMS….The arbitration shall be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location.

\*\*\*

*Costs*.  The party initiating the arbitration shall pay the initial filing fee. If you file the arbitration and an award is rendered in your favor, we will reimburse you for your filing fee. If there is a hearing, we will pay the fees and costs for the first day of that hearing…..All other fees and costs will be allocated in accordance with the rules of the arbitration forum. However, we will advance or reimburse the filing fees if the arbitrator rules that you cannot afford to pay them or finds other good cause for requiring us to do so. Each party shall bear the costs of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails except to the extent the arbitrator assesses costs of the arbitration to either you or us.

\*\*\*

*Governing Law*. You and we agree that our relationship includes transactions involved interstate commerce and that these arbitration provisions are governed by, and enforceable under, the Federal Arbitration Act. To the extent state law is applicable, the laws of the state governing your account relationship apply.

FKKS:2513634v.1

5

DEFENDANT CITIBANK, N.A.'S CORRECTED NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

According to Citibank's internal records, Box 133 is actually the fifth safe deposit box that Plaintiff has rented at Citibank. Thus, according to the Rohani Decl., pursuant to Citibank's custom and practice, Plaintiff would have been provided a Safe Deposit Box Rental Agreement on each of these four prior occasions, all of which contained the exact same arbitration provision as is at issue here. (*Id.* ¶ 11.)

## III.   ARGUMENT

### A.   The Court Should Compel Arbitration of Plaintiff's Claims Pursuant to the Federal Arbitration Act.

If a lawsuit is already pending on a claim that is otherwise subject to arbitration, as is the case here, an order compelling arbitration may be obtained by either petition or motion, and an order staying the pending action may be granted concurrently therewith. 9 U.S.C. §§ 1-6. The arbitration agreement at issue here specifically says that it is governed by the Federal Arbitration Act ("FAA"). (*See* Rohani Decl. ¶ 9, Ex. 1 at 4.) The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) ("Congress has thus mandated the enforcement of arbitration agreements.").

The FAA embodies a strong federal policy favoring arbitration. *Keating*, 465 U.S. at 10; *accord Armendariz v. Found. of Health Psychcare Servs.,* 24 Cal. 4th 83, 97 (2000) ("California law, like federal law, favors enforcement of valid arbitration agreements."). The FAA prevails, under the Supremacy Clause in the United States Constitution, over conflicting state arbitration requirements regarding claims within the coverage of the FAA. *Keating*, 465 U.S. at 12. The FAA preempts state laws

precluding or restricting arbitration of those claims or any other conflicting state arbitration requirements. *Id.*

In ruling on a petition to compel arbitration, this Court is required to make a finding only of the arbitration agreement's existence, not an evidentiary determination of its validity. *Sherman v. CLP Res., Inc.*, No. CV 12-8080-GW(PLAx), 2015 WL 13542760, at *4 (C.D. Cal. June 22, 2015) (Wu, J.) (citing *Condee v. Longwood Mgmt. Corp.*, 88 Cal. App. 4th 215, 218-219 (2001) ("Petitioner need only allege the existence of an agreement" and "must attach a copy of the agreement to the petition, or its provisions shall be set forth in the petition").

Here, Plaintiff and Citibank unequivocally agreed to submit any and all claims or disputes relating to or arising out of Plaintiff's rental of Box 133, whether based on contract, tort or otherwise, to binding arbitration in accordance with the FAA. (*See* Rohani Decl. ¶ 11.) A review of the Complaint shows that Plaintiff's claims on their face relate to and arise out of his rental of Box 133. Accordingly, the Court should compel arbitration of the Complaint. 9 U.S.C. § 4 (where there is a written agreement to arbitrate and a party refuses a request to arbitrate, the Court may compel arbitration on petition of the other party).

Plaintiff cannot feign ignorance of the fact that he agreed to resolve any and all disputes with Citibank pursuant to FAA arbitration because Plaintiff had rented four safe deposit boxes from Citibank before Box 133. (*See* Rohani Decl. ¶ 11.) Accordingly, Plaintiff must have received four agreements designating binding arbitration under the FAA. Furthermore, every time he signed his Access Card, he signed a statement asserting that, in bold, he "acknowledge[d] . . . receiv[ing] a copy of the Safe Deposit Box Rental Agreement." (*Id.* Ex. 2.) There is no question that Plaintiff agreed to FAA arbitration.

The California Supreme Court has held that when the parties agree that proceedings will be governed by the FAA, that agreement is binding. *Cronus Invs.,*

FKKS:2513634v.1

7

DEFENDANT CITIBANK, N.A.'S CORRECTED NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

*Inc. v. Concierge Servs.*, 35 Cal. 4th 376, 394 (2005). Federal courts agree. *See Williams v. Eaze Solutions, Inc.*, __ F. Supp. 3d __, 2019 WL 5312956, at *2 (N.D. Cal. Oct. 21, 2019) ("It is the specific provision [of the agreement] designating the FAA that governs arbitration."); *SST Millennium LLC v. Mission St. Dev.*, No. 18-cv-06681-YGR, 2019 WL 2342277, at *3 & n.4 (N.D. Cal. June 3, 2019) (compelling arbitration where agreement stated that the FAA "will govern the interpretation and enforcement of the arbitration provisions"). The California Court of Appeal applied this same rule to a similar arbitration provision in *Rodriguez v. Am. Techs., Inc.*, 136 Cal. App. 4th 1110, 1112 (2006). The Court of Appeal reversed denial of arbitration because there were other claims not subject to the arbitration agreement. The same result is required here. Every one of Plaintiff's claims for relief are governed by arbitration under the FAA, so there is no reason not to compel arbitration.

### B. The Court Should Stay This Action Pending the Arbitration.

Citibank also requests that the Court stay this action pending the completion of the arbitration pursuant to the FAA. In this regard, 9 U.S.C. § 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

*Accord* Cal. Civ. Proc. Code § 1281.4 (where arbitration has been ordered, court, upon motion, shall stay action pending arbitration).

FKKS:2513634v.1

8

DEFENDANT CITIBANK, N.A.'S CORRECTED NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING ARBITRATION AND STAYING ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

## IV. CONCLUSION

By this Motion, Citibank demands that Plaintiff voluntarily agree to submit his claims to arbitration. In the absence of such voluntary agreement, Citibank seeks to have this Court issue its order directing arbitration pursuant to the arbitration agreement between the parties, and staying this action pending a resolution of the arbitration proceeding, retaining jurisdiction to confirm any award obtained in the arbitration.

DATED: February 12, 2020      Respectfully submitted,

FRANKFURT KURNIT KLEIN + SELZ PC

By: */s/ Tricia L. Legittino*
Tricia L. Legittino
Matthew Samet
Attorneys for CITIBANK, N.A.